IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PGNA, INC., f/k/a IPEG, INC., and d/b/a THE CONAIR GROUP ) ) ) | |
| ) | Civil Action No. 2:24-cv-1041 |
| Plaintiff, ) ) | |
| ) | Judge Marilyn J. Horan |
| v. ) | Magistrate Judge Patricia L. Dodge |
| ) | |
| STERLING PRODUCTS, INC., d/b/a ACS GROUP, and TOMMY SAFFOLD, ) ) ) ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion to Remand (ECF No. 6) be granted. It is also respectfully recommended that the Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) filed by Defendant Sterling Products, Inc. be dismissed as moot.

II.  **REPORT**

A.  **Relevant Background**

Plaintiff PGNA, Inc. ("Conair") initiated this action against Defendants Sterling Products, Inc. d/b/a ACS Group ("ACS") and Tommy Saffold ("Saffold") in the Court of Common Pleas of Butler County. The Complaint asserts claims for tortious interference with contract against ACS (Count I); breach of contract against Saffold (Count II); and unfair competition against both ACS and Saffold (Count III). (ECF No. 1-1.)

According to the Complaint, Conair hired Saffold as a Heat Transfer Sales Engineer in October 2020. Saffold's employment agreement with Conair allegedly contained confidentiality and post-employment non-competition and non-solicitation restrictions. Saffold resigned from

Conair on April 30, 2024 to begin working for ACS. Like Conair, ACS "is engaged in the highly-competitive business of designing, developing, manufacturing, and selling auxiliary equipment for use in the plastics processing industry." (*Id.* at 6.) Conair alleges that ACS hired Saffold with the knowledge that Saffold was prohibited from engaging in competition with Conair for a period of one year following his resignation. (*Id.* at 7.)

The action was removed to federal court on July 18, 2024. (ECF No. 1.) The Notice of Removal, filed by Saffold with the consent of ACS,[1] asserts that removal is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000[2] and Saffold and Conair are domiciled in different states. (*Id.* ¶¶ 9-10.) For purposes of diversity jurisdiction, Conair is deemed a citizen in the state where it is incorporated, Delaware, and where it maintains its principal place of business, Pennsylvania. (*Id.* ¶¶ 14, 16-18.) Saffold is domiciled in Texas. (*Id.* ¶¶ 12-13.) Thus, as between Saffold and Conair, there is complete diversity of citizenship.

Like Conair, however, ACS is also incorporated in Delaware.[3] (*Id.* ¶ 20.) Therefore, as between Conair and ACS, there is no diversity. However, the removal notice urges the Court to ignore ACS's citizenship for purposes of 28 U.S.C. § 1332 jurisdiction because Conair is alleged to have fraudulently joined ACS in order to defeat diversity. (*Id.* ¶ 19.)

Conair moved on July 25, 2024 to remand to state court, arguing that the Court lacked subject matter jurisdiction because of the lack of diversity of citizenship between Conair and ACS. (ECF No. 6.) Conair also asked the Court to continue an emergency state court injunction issued on July 16, 2024 that had been in place at the time of removal. (*Id.* ¶¶ 35-37.) According to Pennsylvania state rules, an emergency preliminary injunction may be continued only if a

---

[1] The Court notes that ACS and Saffold are both represented by Thomas F. Cocchi, Jr. of the firm Husch Blackwell, LLP.
[2] Neither side challenges the amount in controversy requirement.
[3] ACS maintains its principal place of business in Wisconsin. (ECF No. 1 ¶ 20.)

hearing is held within five days of the trial court first entering the order instating the injunction. ACS removed the case from the Butler County Court of Common Pleas at approximately 6:30 p.m. on the day before the hearing was to be held. As a result, Conair contends that it was unable to present its evidence to the state court judge, thus allowing ACS to sidestep a permanent injunction.[4] (*Id.* ¶¶ 14, 17.)

On August 1, 2024, ACS moved to dismiss for lack of personal jurisdiction. (ECF No. 11.) ACS argues that it must be dismissed from this action because there is no basis for either general or specific jurisdiction in the Western District of Pennsylvania. (*See* ECF No. 12.)

The following day, ACS and Saffold filed a Brief in Opposition to Conair's motion to remand. (ECF No. 13.) Defendants argue that the Court should exercise its discretion to address the "straightforward" personal jurisdiction issues presented in its motion to dismiss prior to tackling the "more complex" subject matter jurisdiction question – i.e., Saffold's allegation in the Notice of Removal that ACS was fraudulently joined to defeat diversity. (*Id.* at 4-6.)

Additionally, on July 26, 2024, the Court ordered that the parties complete and file standard forms either consenting to the jurisdiction of a Magistrate Judge or electing to have a District Judge assigned to the case by August 2, 2024. (ECF No. 8.) Conair complied and timely filed its form. (ECF No. 9.) After ACS and Saffold failed to timely do so, the Court ordered that they file the required form by August 5, 2024. (ECF No. 14.) Again, ACS and Saffold failed to

---

[4] Conair's motion requests that this Court continue the July 16, 2024 state court injunction pending remand. (ECF No. 6 at ¶¶ 35-37.) In support, Conair invokes Pa. R. Civ. P. 1531(d), which provides that an injunction granted without notice may continue "as the court upon cause shown shall direct." However, "[a]n *ex parte* restraining order issued by a state court prior to removal remains in force no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, because no hearing was held on this matter in state court, the injunction either dissolved by operation of Pa. R. Civ. P. 1531(a) five days from its issuance or, at most, lasted until July 30, 2024 based on Fed. R. Civ. P. 65(b)'s 14-day limitation on temporary restraining orders.

file the one-page election form or to request more time to do so. Based on their failure to respond, the Court issued another Order on August 6, 2024 directing the Defendants to file the form and to provide the Court with a full explanation for their failure to comply with the Court's previous orders. (ECF No. 17.) Defense counsel timely responded on behalf of both clients, stating that the "miscommunication and oversight" was the result of his out-of-state travel and that his colleague who had been assisting had come down with "a severe COVID-19 infection."[5] (ECF No. 19.)

### B.     Legal Standard

As ACS and Safford correctly state in their response to Conair's motion to remand, "district courts have the discretion to decide which jurisdictional question to address first. When one issue is straightforward and the other is complex, the Supreme Court has implied that the straightforward issue should take priority." (ECF No. 13 at 1.)

As the Supreme Court has held:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A district court has a duty to raise doubts about its jurisdiction at any time, and the party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir.1993). *See also* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

---

[5] Notably, defense counsel appears to have been able to prepare and file multiple other pleadings during the same timeframe within which the consent election form was twice ordered to be filed. Namely, ACS's motion to dismiss and accompanying brief (ECF Nos. 11, 12) were filed on August 1, 2024; the response to Conair's motion to remand (ECF No. 13) was filed on August 2, 2024; and Saffold's Answer (ECF No. 16) was filed on August 5, 2024.

court must dismiss the action.")

That said, "in cases removed from state court to federal court, [] there is no unyielding jurisdictional hierarchy. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Such circumstances arise where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question[.]" *Id.* at 588.

### C. Discussion

ACS argues that Conair fraudulently joined ACS, "a company that Plaintiff knows is not subject to personal jurisdiction in Pennsylvania, solely to defeat diversity jurisdiction." (*Id.* at 2.) Due to the allegedly fraudulent nature of including ACS in this action, ACS urges the Court to find that ACS should be dismissed from this case and, in turn, to decline to remand since complete diversity exists between Saffold and Conair, who would be the only two remaining parties.

Conair counters that the Court should not "put the proverbial cart before the horse by ruling on the personal jurisdiction issue despite the Court's lack of subject matter jurisdiction." (ECF No. 21 at 2.) It argues that the motion to remand presents the more straightforward issue because removal in this instance was clearly improper as there is no federal claim in the case and Conair and ACS are both incorporated in Delaware. The Court agrees.

Federal courts have original jurisdiction over cases in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between parties. 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original

5

jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The burden of establishing jurisdiction in a removal case falls to the defendant. *Dukes v. U.S. Healthcare*, 57 F.3d 350, 359 (3d Cir. 1995). After the action has been removed to federal court, a plaintiff may challenge the removal by moving to remand to state court. *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015). It is well settled that because federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed against removal and any doubts should be resolved in favor of remand. *La Chemise Lactose v. Alligator Co.*, 506 F.2d 339, 344 (3d Cir. 1974).

Neither party challenges the amount in controversy in this action. As previously acknowledged by all parties, ACS and Conair are both incorporated in Delaware. Therefore, it is clear that there is no complete diversity of citizenship. ACS argues, however, that the doctrine of fraudulent joinder applies.

> The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity. In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were "fraudulently" named or joined solely to defeat diversity jurisdiction.

*In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). The Third Circuit has held, however, that there is "a very high bar" for showing fraud under the doctrine:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Avenatti v. Fox News Network Ltd. Liab. Co.*, 41 F.4th 125, 133 (3d Cir. 2022) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992)). To that end, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Conair asserts claims against ACS for tortious interference and unfair competition. In these claims, it alleges that ACS was in possession of Saffold's noncompete agreement with Conair prior to hiring Saffold (ECF No. 1-1 at 17) and intentionally induced Saffold to breach his contractual obligations (*Id.* at 18). Based upon a review of the factual allegations and claims in Conair's Complaint, it is certainly possible that a state court would find that the complaint states a cause of action against ACS, and thus, the Court finds that joinder was proper.

ACS has failed to meet the "very high bar" required to establish fraudulent joinder. Because this was ACS's only argument against remand,[6] and because there is no other basis to dismiss ACS from this action, this case should be remanded for lack of subject matter jurisdiction.[7]

### III.    CONCLUSION

For these reasons, it is respectfully recommended that Plaintiff Conair's Motion to Remand (ECF No. 6) be granted. It is also respectfully recommended that Defendant ACS's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) be dismissed as moot.

---

[6] Although the Court did not reach the issue of ACS's alleged lack of personal jurisdiction in Pennsylvania, ACS is free to make this argument in state court.

[7] In its motion to remand, Conair also requested that it be awarded attorneys' fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). It would be premature to award any such fees and costs prior to a ruling by the District Court regarding this Report and Recommendation.

IV.     NOTICE

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: September 6, 2024                              /s/Patricia L. Dodge
                                                                           PATRICIA L. DODGE
                                                                           United States Magistrate Judge