IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| PGNA, INC., | ) | |
| | ) | |
| | ) | 2:24-CV-01041-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STERLING PRODUCTS, INC., TOMMY SAFFOLD, | ) ) | |
| | | |
| Defendants, | | |

### **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On September 9, 2024, the Magistrate Judge issued a Report and Recommendation (ECF No. 22) recommending that Plaintiff's Motion to Remand (ECF No. 6) be granted, and that the Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) filed by Defendant Sterling Products, Inc. be dismissed as moot.

The parties were advised that written objections to the Report and Recommendation were due by September 20, 2024. No objections were filed.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

The Magistrate Judge's Report and Recommendation (ECF No. 22), dated September, 6, 2024, is adopted as the Opinion of the Court.

The Court also notes that Conair requested an award for attorneys' fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c).  In her Report and Recommendation, Judge Dodge noted that: "[i]t would be premature to award any such fees and costs prior to a ruling by the District Court regarding this Report and Recommendation."  (ECF No. 22 at p 7, fn. 7).  As this Order adopts and grants the Motion to Remand, the District Court will address Conair's request in the interest of judicial expediency.

"[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  District courts exercise discretion in light of the objectives of § 1447(c)—to discourage the use of removals as a means of prolonging litigation and imposing costs on the plaintiff while generally allowing litigants the right of removal. *Id.* at 140-41, 126 S.Ct. 704.

Upon careful consideration of the relevant filings, Defendants had an objective reasonable basis to seek removal.   Accordingly, no award of fees or costs is warranted.

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF No. 6) is GRANTED and Defendant ACS's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) be dismissed as moot.

IT IS FURTHER ORDERED that this civil action will be remanded to the Butler County Court of Common Pleas forthwith.

DATED this 9th day of October, 2024.

                                                              BY THE COURT:

                                                              MARILYN J. HORAN
                                                              United States District Judge